IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. RODRÍGUEZ-PIZARRO,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 03-1320 (JAG)

MAGISTRATE JUDGE REPORT AND RECOMMENDATION

On March 26, 2006, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. The defendant filed a memorandum in support of the final decision on December 2, 2003, (Docket No. 6), and plaintiff filed a memorandum against such final decision on May 3, 2004. (Docket No. 14.) The case was assigned to me for report and recommendation on November 17, 2005. (Docket No. 20).

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to such benefits, plaintiff must establish that he was disabled under the Act at any time on or before the date of the final decision, November 21, 2002. Plaintiff was insured under the Social Security Act up to December 5, 2002, but not after that. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

CIVIL 03-1320 (JAG)                            2

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2005.
2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
3. The claimant's impairment (congenital left hip deformity with secondary osteoarthritis, right knee osteoarthritis, and left knee effusion) are considered "severe" as defined in the Regulations 20 CFR 404.1529(b).
4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
5. The Administrative Law Judge has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).
6. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).
7. The claimant is 49 years old, defined as a younger individual (20 CFR § 404.1563).
8. The claimant has 10th grade education (20 CFR § 404.1564).
9. The claimant has managerial skills he acquired in his past relevant work that are transferable to other jobs (20 CFR § 404.1568).
10. The claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR § 404.1567).
11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.25, Table No. 1, Appendix 2, Subpart P, of Regulations No. 4.
12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

Tr. at 21-22.

Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits.

CIVIL 03-1320 (JAG)                              3

There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

    The administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work he has performed in the past due to a severe impairment or combination of impairments. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. See Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lancelotta v. Sec' of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Sec'y of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982).

    Plaintiff argues that his statements in relation to his physical residual functional capacity remains uncontroverted since no vocational expert testified at the hearing. He argues that the administrative law judge's own physical residual functional capacity assessment depends on an examination that was made no earlier than one year and three months prior to the final decision and did not include evidence and testimony from that period.

    Plaintiff alleged disability as of March 13, 2001 due to knee and hip pain and arthritis. X-rays of March 9, 2001 showed anomaly with secondary osteoarthritis. On April 30, 2001, Dr. Carlos Grovas Badrena noted an arthralgic gait and diagnosed

CIVIL 03-1320 (JAG)                              4

degenerative joint disease. The doctor found hip dysplasia and suggested surgery. (Tr. at 179.) Plaintiff was later restricted from prolonged standing and walking. (Tr. at 134.) An orthopedic evaluation by Dr. César Cintrón Valle dated June 25, 2001 resulted in a diagnosis of congenital dislocation of the left hip treated with surgery, excellent post surgical results and degenerative arthritis of the left hip. (Tr. at 189.) Plaintiff walked with a cane and had a shoe lift.

A physical residual functional capacity assessment by DDS internist Gilberto Fragoso Ledesma dated August 28, 2001 reflected limitations in exertional capabilities and some postural limitations. The assessment was affirmed on January 17, 2002. (Tr. at 208, 217.)

A digital sonogram dated April 3, 2001 shows that plaintiff's lower left extremity is shorter than the right by 8.3 mm. Precisely, the left femur is 10.7 mm shorter than the right, and the shorter right tibia by 2.4 mm. Plaintiff always complains of pain.

Plaintiff testified at the hearing before the administrative law judge relating the difficulties he encounters with his hip condition. He said he could sit up to six hours. (Tr. at 32.) He receives no therapy at the moment but had received therapy. He takes an aspirin substitute for pain and Zanax to help him sleep. (Tr. at 33.) He wakes up often. He uses a cane. Plaintiff can stand without a cane for an hour to an hour and a half and cannot walk without a cane. (Tr. at 35.)

The administrative law judge noted in his rationale that plaintiff is limited to work at the sedentary level of exertion because of pain on ambulation, rather than because of exertional restrictions.

The administrative law judge acknowledged allegations of severe nonexertional impairments. Indeed pain is the major factor in the decision. These were required

CIVIL 03-1320 (JAG)                              5

to be considered under SSR 96-7p and circuit case law. (Tr. at 19-20.) See <u>Avery v. Sec'y of Health & Human Servs.</u>, 797 F.2d 19 (1st Cir. 1986). The factors to be weighed under the correct standard are the following:

> (i)    Your daily activities;
> (ii)   The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii)  Precipitating and aggravating factors;
> (iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); <u>see also</u> SSR 96-7p.

While not following any particular outline, the administrative law judge addressed all of the required factors within the supporting rationale for the final decision. The administrative law judge considered severe muscle weakness, atrophies, deformities, swelling, tenderness, marked spasm, joint stiffness, wastings, range of motion limitation, weight loss, and sensory and motor deficits among other factors such as the type of medication prescribed by physicians, and the frequency of doctor's visits. (Tr. at 19.)

The pain is exacerbated by strenuous activity. The administrative law judge noted the following:

> Claimant's capacities to sit, stand for limited periods of time, walk short distances, and use his arms and hands are not restricted. He retains functional range of motion of all major joints and limbs. Prescribed medication provides adequate relief and control of his symptoms. The claimant walked into the hearing room with a cane. The extent to which a cane is necessary for ambulation is not clear. However, even if the

CIVIL 03-1320 (JAG)                              6

>cane is necessary, it does not prevent the claimant from performing sedentary activities. By definition, sedentary work can be performed without heavy lifting or carrying and prolonged standing or walking. Sedentary work is defined by Section 404.1567 as work which involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Such work is primarily performed from a seated position, although a certain amount of occasional walking and standing usually is required to complete job duties. Avery v. Secretary of HHS, 797 F2d 19 (1st Cir. 1986). The longitudinal record, when considered in its entirety, indicates claimant retains the residual functional capacity to perform the full range of sedentary work.

Tr. at 19, ¶ 4.

Plaintiff argues that the physical residual functional capacity assessment was over a year before the final decision but the assessment was affirmed in January and the final decision was in November, 2002. While plaintiff argues that his physical residual functional capacity is uncontroverted, the administrative law judge took into consideration not only the medical record but plaintiff's own testimony from the administrative hearing in reaching his conclusion that plaintiff can perform sedentary work. In addition to considering the medical evidence and findings, the administrative law judge is also entitled to observe the plaintiff, evaluate his demeanor, and consider how his testimony fits with the rest of the evidence. See Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Avery v. Sec'y of Health & Human Servs., 797 F.2d at 29-30.

Having considered the record weighed by the administrative law judge, I conclude that the final decision reflects a reasonable balancing and weighing of evidence and the making of credibility determinations by the administrative law judge. See Gray v. Heckler, 760 F.2d 369, 374 (1st Cir. 1985); Tremblay v. Sec'y of Health & Human Servs., 676 F.2d 11, 12 (1st Cir. 1982); Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

CIVIL 03-1320 (JAG)                               7

Looking at the evidence as a whole, I cannot find that the Commissioner's decision has failed to comply with the requirements of the substantial evidence rule. There being no good cause to remand, I recommend that the final decision of the Commissioner be affirmed and that this action be dismissed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 10th day of March, 2006.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge